## Barclay et ux. v. Young

*Stewart P. McConnel,* for plaintiffs.
*Hon. E. Y. Calvin,* for defendant.

SOHN, J., October 21, 1947.—George W. Barclay and Effie May Barclay, plaintiffs, entered judgment by confession against Bessie L. Young, defendant, on February 19, 1946. On February 27, 1946, Bessie L. Young filed a petition for a rule on plaintiffs to show cause why the judgment should not be opened and defendant permitted to enter a defense to the action.

Petitioner avers that when she signed the notes upon which judgment was confessed, she was a married woman. She alleges that she signed the notes as an accommodation endorser, maker, guarantor or surety for William B. Young, her son, and that she received no part of the proceeds of the notes. She alleges these facts were known by plaintiffs when the notes were delivered and the money paid.

Plaintiffs, on March 5, 1946, filed an answer to the petition and alleged that defendant signed the notes for her primary and personal benefit, and that the proceeds were "used for the improvement of her separate estate."

Plaintiffs, on August 15, 1947, filed a motion to discharge the rule for failure to prosecute the same with diligence and effect. Counsel for plaintiffs contend that defendant has abandoned her petition and is guilty of laches in prosecuting the writ, and therefore the court should discharge the rule. In support of this position, plaintiffs' counsel cites an opinion by President Judge Reader in Peoples v. McBride, 4 Beaver 157, where he said:

"No depositions were taken by the petitioner to support the averments of the petition. In view of the long period of time elapsing between the filing of the petition and the placing of the case on the argument list, we think we would be justified in dismissing the petition and discharging the rule on the ground of the failure to support the petition and the rule by depositions."

In the cited case, the rule was discharged on other grounds, and not because of the lapse of time between the filing of the petition and the placing of the case on the argument list.

Judgment was entered in the instant case February 19, 1946. Pennsylvania Rule of Civil Procedure 209 became effective March 30, 1939. Rule 209 is as follows:

"Rule 209. Duty of Petitioner to Proceed after Answer Filed. If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule);

the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

In some counties of the Commonwealth, cases are automatically listed for argument by the prothonotary. In Beaver County, cases are placed on the argument list by the prothonotary upon præcipe by an attorney in the action. The commentary in Goodrich-Amram Civil Practice is that rule 209 was devised because in many counties cases were not automatically listed for argument. Therein also is a discussion of the principle that the ordering of the action for argument on petition and answer admitted for the purpose of the argument the truth of the averments of the answer or petition filed by the adverse party. This principle was argued by counsel in the instant case.

We are of the opinion that plaintiffs' motion to discharge the rule must be denied, because the motion is not in compliance with the provisions of rule 209. Reaching this conclusion, it is unnecessary for us to discuss the principle of admission in the pleadings. It may, or may not later be necessary for us to pass upon this question after the parties have proceeded with the action as required by rule 209.

### Order

And now, to wit, October 21, 1947, plaintiffs' motion to discharge the rule issued at the above number and term is denied, without prejudice to the rights of the respective parties to proceed under the provisions of Pa. R. C. P. 209.